Mr. Burke, I know that your opponent could not make it, but we're pleased to talk with you. Yes, I guess there's no reason to reserve a rebuttal time. No, no. Christopher Burke, the appellant, Anita Jones. In determining this appeal, this Court has to decide just one issue. If an individual violates the stay and the act is void, is the entire act void? And I think clearly it is. In this Court's Chamblin case, which is a 1989 case, the stay was violated by having a post-petition tax sale thereafter somebody tried to record the tax deed. This Court said the initial tax sale was void because it was post-bankruptcy filing, and the recording of the deed was clearly void. In fact, the Court said the issuance of the tax deed was inextricably intertwined with the tax sale proceeding. We decline to review separately the behavior surrounding these two events. That's exactly what we have here, except it's not even two events, it's one event. If we look at the complaint, it says complaint for debt or fraud and removal of state action. That violated the stay, the removal part. There's a procedure to do that. The Court said this violated the stay. We can't then pick apart the complaint. I don't like to paraphrase other people, but I think we're going down a slippery slope if we start to parcel out which part is void and which part is not void. I also think counsel is judicially estopped to argue anything but that this is one intertwined document, because on page 24 of the complaint, his complaint, and he's an attorney, he states the state action hereby removed is a core issue or it is so intricately related to debtors chapter 7. He's saying this is combined as one document. On page 25 of the excerpt of the record, that the Court tried to adjudicate the issues joined in the removed state court action. In other words, he prepared it. He filed it. He did it as one document. The Court said it was void. There is no cross appeal saying that the stay wasn't violated. So we have the stays violated. That's a given. The question is how far do we go?  The question I have, which is probably a little more on the technical side, is jurisdiction. Normally, we wouldn't grant here an appeal based on a grant of leave to amend. We'd wait until the amendment was allowed, and then the Court made a final decision on that. And I realize the district court entertained your appeal, but why do we have appellate jurisdiction over a non-final order? Because if the stay was violated and this whole thing is void, you do have jurisdiction. That is a final order. If you determine that this ---- Where do I look in the bankruptcy record for a document called final judgment or judgment that is being appealed here? You don't. But I'm not appealing ---- And we don't have jurisdiction. I'm not appealing whether or not he has leave to amend. And I'm appealing the fact if this is void, where else can somebody go, though? If the Court ---- If you don't have judgment, why is the judgment void? There was no judgment. The complaint is void. It was one document. No, but here's the problem. From the technical point of view, it seems to me what probably should have happened is the Court grants leave to amend. Amendment occurs. You make your argument that it's void, and the Court either agrees with you or disagrees with you, and then it comes up. Because normally we wouldn't entertain on appellate jurisdiction a denial of leave to amend because it's not a final order. The reason being that, of course, the district court could take some other action even today on it. Now, the interesting thing for me is that we've ---- that's clearly so if we were in your opponent's shoes, because WMX v. Miller says, look, leave to amend is not a final order. I don't think we may have a case from your side, and particularly in the bankruptcy context on that. But those are the concerns. So given all that and what Judge Beezer said, what's your response? Well, let me look at the order, because the order says we could say this is the final order, because Excerpt of Record H, Order Regarding Motion to Dismiss Complaint, Motion for Relief from Stay in Motion for Violation of the Stay, and on page 80 of the excerpts it says, it's further ordered that the plaintiff's amended complaint subsequently filed July 8th, though one day late, is deemed timely. So in there, the amended complaint had already been filed. And I think we can use that as the hook to say that that's the complaint really that I'm saying is void, because if the first complaint is void, the second complaint was late filed, the whole thing needs to be dismissed. But it clearly addresses in the order the amended complaint. But the bankruptcy court didn't rule on the merits of it. In other words, your argument would have been, absent this appeal to the bankruptcy judge, look, this whole thing is void. You need to give me judgment on this. And that's the step that wasn't taken. Now, I realize in the bankruptcy context we're a little looser on appellate jurisdiction, but I think that's an issue that we have to overcome or address in this case. Well, again, I guess the best argument I have is what I just cited. In terms of the order, it does mention the second complaint. I think if we word it or couch it in terms that the amended complaint was allowed, we can look at that as perhaps saying, because clearly if the first one is void, the second one is late filed, the whole thing should be dismissed. Well, and the other aspect of it, too, that we have to examine is the fact that the district court entertained the appeal and issued a judgment on that. And that's the issue we're reviewing now. But normally we wouldn't entertain an appeal just from a denial of leave to amend. And frankly, I don't know if we've ever, on the pure question of leave to amend, that we've ever reversed a district court or bankruptcy court for granting leave to amend. Usually we see the cases where it's been denied, but usually we just say, well, give them another chance, and then let's hear it on the merits. So if it's abuse of discretion, then I think you're in a tough position on a procedural appeal. But I understand your argument is that it's not something that should be entertained in the first instance, right? I would urge the court to make a ruling on this, not that it's moot, but a ruling one way or the other. I think it's an important issue, though, for other debtors. How big is void? To me, it encompasses all of it. And again, I talked about slippery slope. If we start chopping it up and saying, well, this part's void and this isn't, we're just going to create a big Pandora's box. So I would ask the court to reverse the rulings below and determine that the entire complaint was void, thereby, again, making the amended complaint untimely and the whole action dismissed. Any other questions from the panel? Thank you for your argument today. It's always tough to argue against yourself. I'm used to it. Thank you. All right. Thank you, counsel. The case just heard will be submitted.
judges: Farris, Beezer, Thomas